# UNITED STATES BANKRUPTCY COURT
### NORTHRN  DISTRICT OF  ILLINOIS
### EASTERN DIVISION

In re:  CHARLES W. McCANN     §   Case No. 13-10081
                              §              Hon. CAROL A. DOYLE
                              §              Chapter 7
                              §
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/13/2014 .

The undersigned trustee was appointed on 07/09/2014 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S. C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $32,993.25

   Funds were disbursed in the following amounts:

   Payments made under an interim distribution  _____
   Administrative expenses                      _____
   Bank Service Fees                                      $99.88
   Other payments to creditors                  _____
   Non-estate funds paid to 3rd Parties         _____
   Exemptions paid to the debtor                _____
   Other payments to the debtor                 _____

   Leaving a balance on hand of [1]                    $32,893.37

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 10/17/2014 and the deadline for filing governmental claims was 10/17/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $4,049.33. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $4,049.33, for a total compensation of $4,049.33 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $13.04, for total expenses of $13.04 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/14/2014    By: /s/ ALLAN J. DeMARS
                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 13-10081
Case Name: CHARLES W. McCANN
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $32,893.37

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $32,893.37

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| *Trustee, Fees* | ALLAN J. DeMARS | $4,049.33 | $0.00 | $4,049.33 |
| *Trustee, Expenses* | ALLAN J. DeMARS | $13.04 | $0.00 | $13.04 |
| *Attorney for Trustee, Fees* | ALLAN J. DeMARS | $2,811.52 | $0.00 | $2,811.52 |
| *Attorney for Trustee, Expenses* | ALLAN J. DeMARS | | | |
| *Accountant for Trustee, Fees* | | | | |
| *Accountant for Trustee, Expenses* | | | | |
| *Auctioneer, Fees* | | | | |
| *Auctioneer, Expenses* | | | | |
| *Charges,* | U.S. Bankruptcy Court | | | |
| *Fees,* | United States Trustee | | | |
| *Other* | | | | |

Total to be paid for chapter 7 administrative expenses: $6,873.89
Remaining balance: $26,019.48

**UST Form 101-7-TFR (5/1/2011)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for          , Fees* | | | |
| *Attorney for          , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| Other | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $26,019.48

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00
Remaining balance: $26,019.48

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $26,019.48 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100 percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | US Small Business Administration | $12,800.00 | $0.00 | $12,800.00 |
| 3 | Wells Fargo Bank | $3,138.32 | $0.00 | $3,138.32 |
| 4 | Fifth Third Bank | $5,145.46 | $0.00 | $5,145.46 |
| 5 | Portfolio Recovery Associates LLC successor to Capital One | $4,322.08 | $0.00 | $4,322.08 |
| 6 | Portfolio Recovery Associates LLC successor to Capital One | $613.62 | $0.00 | $613.62 |

Total to be paid for timely general unsecured claims: $26,019.48
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ____0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00
Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ____0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  |  |  |  |  |

Total to be paid for subordinated claims: $0.00
Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**

EXHIBIT A    FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No.: 13-10081　　　　　　　　　　　　　　　　　　　　Trustee Name: Allan J. DeMars

Case Name: CHARLES W. McCANN　　　　　　　　　　　　　Date Filed (f) or Converted (c): 3/14/13 (F)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE REOPENED 7/9/14

For Period Ending: 3/31/15　　　　　　　　　　　　　　§341(a) Meeting Date: 5/15/13

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Claims Bar Date: 10/17/14

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Ref # | | | | | | |
| 1 | 5732 W. Pershing Cicero, IL | 90,000.00 | 0.00 | | | FA |
| 2 | PNC checking acct | 4.00 | 0.00 | | | FA |
| 3 | checking account First Credit Union | 50.00 | 0.00 | | | FA |
| 4 | household goods | 2,000.00 | 0.00 | | | FA |
| 5 | books, cds | 100.00 | 0.00 | | | FA |
| 6 | wearing apparel | 200.00 | 0.00 | | | FA |
| 7 | watch | 300.00 | 0.00 | | | FA |
| 8 | camera | 50.00 | 0.00 | | | FA |
| 9 | term life insurance | 0.00 | 0.00 | | | FA |
| 10 | pension | unknown | 0.00 | | | FA |
| 11 | 2001 Chevrolet S10 | 3,175.00 | 0.00 | | | FA |
| 12 | 2010 Ford Focus | 8,719.00 | 0.00 | | | FA |
| 13 | Avantia/GlaxoSmithKlein class action lawsuit (u) | 26,993.25 | 26,993.25 | | 26,993.25 | FA |
| 14 | return of funds by debtor (u) | 6,000.00 | 6,000.00 | | 6,000.00 | FA |

TOTALS (Excluding unknown values)　　　　　　　　　　　32,993.25　　　　　　　　　　　32,993.25

(Total Dollar Amount in Column 6)

Major activities affecting case closing: The debtor failed to disclose that he was a party to the class action lawsuit (see #13) and had received a distribution, in the amount of $50,659.33 a week before the bankruptcy was filed. The bankruptcy case has been reopened and the debtor's discharge has been revoked. The trustee recovered the balance of the settlement (item 13) and obtained a return of funds from the debtor in an amount that will pay all fees and all claims in full (item 14)

EXHIBIT "A" - FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 13-10081  
Case Name: CHARLES W. McCANN  
Taxpayer ID#: XX-XXX0271  
For Period Ending: 3/31/15  

Trustee's Name: Allan J. DeMars  
Bank Name: Bank of America  
Initial CD #: CDI  
Blanket bond (per case limit): 5,000,000  
Separate bond (if applicable):  
Checking acct#: XXXXXX9476  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking acct balance |
| 8/8/14 | Ref 13 | Riley Pozner clients fund acct | net proceeds on Avantia/GlaxoSmithKlein class action | 1249-000 | 26,993.25 | | 26,993.25 |
| 8/20/14 | | Wells Fargo | check printing charge | 2600-000 | | 94.88 | 26,898.37 |
| 10/21/14 | | Wells Fargo | bank service fee | 2600-000 | | 5.00 | 26,893.37 |
| 10/29/14 | Ref 14 | from the debtor | repayment of funds | 1290-000 | 6,000.00 | | 32,893.37 |
| | | | | | | | |
| | | | | | | | |

COLUMN TOTALS  32,993.25  99.88  32,893.37  
Less: Bank transfers/CD  
 Subtotal  
Less: Payments to debtor(s)  
Net  32,993.25  99.88  32,893.37  

| | NET DEPOSITS | NET DISBURSEMENTS | BALANCES |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking# XXXXXX9476 | 32,993.25 | 99.88 | 32,893.37 |
| Money Market # | | | |
| Savings # | | | |
| CD #CDI | | | |
| Net | 32,993.25 | 99.88 | 32,893.37 |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: October 17, 2014

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DISTRIBUTION |
|---|---|---|---|---|
| UNSEC. | | | | |
| 1 | 7/23/14 amended 10/20/14 | US Small Business Administration | 12,800.00 | 12,800.00 |
| 2 | | PNC Bank | withdrawn | withdrawn |
| 3 | 10/2/14 | Wells Fargo Bank, N.A. | 3,138.32 | 3,138.32 |
| 4 | 10/16/14 amended 10/17/14 | Fifth Third Bank | 5,145.46 | 5,145.46 |
| 5 | 10/17/14 | Portfolio Recovery Assoc. | 4,322.08 | 4,322.08 |
| 6 | 10/17/14 | Portfolio Recovery Assoc | 613.62 | 613.62 |
| | | | | |
| | | | 26,019.48 | 26,019.48 |